# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No.

AMBER J. SOLIDAY,

 Plaintiff,

v.

DRIFTWOOD HOSPITALITY MANAGEMENT, LLC,
a Foreign Limited Liability Company,

 Defendant.
_____/

## COMPLAINT

 Plaintiff, AMBER J. SOLIDAY (hereinafter "Plaintiff"), by and through her undersigned attorney hereby sues Defendant, DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Foreign Limited Liability Company (hereinafter, "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and overtime committed by Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the U.S. District Court for the Southern District of Florida because: (i) Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted and continues to conduct business in the Southern District of Florida; (ii) the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and (iii) Defendant is subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise *sui juris*.

## **PARTIES**

5. During all times relevant to this Complaint, Plaintiff was employed by Defendant. Specifically, Plaintiff performed work for Defendant's benefit from on or about December 13, 2022 until on or about January 3, 2023. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a Foreign Limited Liability Company organized and existing under and by virtue of the laws of Delaware, registered to do business in Florida. Defendant maintains its principal place of business in North Palm Beach, Florida. Throughout her employment with Defendant, Plaintiff performed work for Defendant in Miami Beach, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant is an "employer" engaged in commerce as defined by 29 U.S.C. § 203(d) and (s)(1) in that it employs individuals who: (i) conduct business transactions between state lines; and (ii) handle, sell, and work on goods and materials which have been moved through commerce.

8. Specifically, Defendant is a hotel management company whose employees, including Plaintiff, regularly coordinate and schedule events and bookings with clients located outside of the State of Florida, and process interstate payment transactions.

9. Defendant, upon knowledge and belief, has earned gross revenue or done business which exceeds $500,000 for each of the past three years and utilizes goods which have been moved through commerce.

10. Defendant was an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff is an employee of Defendant and is subject to the payroll practices and procedures set forth herein.

12. Plaintiff performed work for Defendant's benefit from December 13, 2022 through January 3, 2023. Plaintiff's job responsibilities included communicating with individual and commercial clients to schedule and coordinate events at the Balfour Hotel in South Beach—a hotel for which Defendant provides staffing and management services. Plaintiff was also responsible for processing interstate payment transactions.

13. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff at an hourly rate of $57.69 in exchange for the work that she performed.

14. A review of the pay stubs in Plaintiff's possession reflects that Defendant did not compensate Plaintiff whatsoever for the work which she performed beyond eight hours each weekday, despite the fact that Plaintiff routinely worked additional hours (totaling about sixty hours per workweek) during weekdays as well as during weekends.

15. Additionally, Defendant failed to compensate Plaintiff at a rate of at least one and one-half times her regular rate of pay for any of the time that Plaintiff worked beyond forty hours per workweek.

16. On or about December 23, 2022, Plaintiff became sick and tested positive for COVID-19 and influenza. As per Defendant's company protocol aimed to avoid the spread of COVID-19, Plaintiff asked her supervisor, Mariela Portugal, if Plaintiff could work from home until her symptoms subsided. Ms. Portugal approved this request, and Plaintiff continued to perform her job duties from home until January 3, 2023.

17. Defendant refused to compensate Plaintiff for the days that she performed work from home for Defendant's benefit: December 23, 26, 27, 28, 29, and 30, and January 3. Plaintiff worked a total of about fifty-six hours during this time.

18. Defendant maintained complete control over the hours that Plaintiff worked and the pay that she was to receive.

19. All other conditions precedent to this action have been performed or have been waived.

**COUNT I**
**VIOLATION OF FLSA (MINIMUM WAGES)**

20. Plaintiff re-alleges and reaffirms paragraphs 1 through 19 as if fully set forth herein.

21. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq.* and 29 U.S.C. § 207.

22. At all times during her employment with Defendant, Plaintiff was an employee required to be paid a minimum hourly wage for every hour that she worked, and was entitled to receive those minimum hourly wages no later than each regularly established pay day.

23. Nevertheless, during the course of Plaintiff's employment, Defendant did not compensate Plaintiff for her last seven days of work, or for any of the hours that Plaintiff worked beyond eight hours each weekday.

24. During Plaintiff's employment, Defendant compensated Plaintiff at an hourly rate of $57.69

25. Defendant knew of or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods. Accordingly, Defendant owes Plaintiff liquidated damages based on her unpaid minimum wages due to Defendant's failure to pay the required minimum hourly wage for every hour worked by Plaintiff during each pay period within the three years

preceding this lawsuit.

26. Plaintiff has incurred expenses and endured considerable hardships and damages as a result of being deprived of Defendant's timely payment of a minimum hourly wage.

27. By reason of Defendant's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

28. Plaintiff seeks to recover for unpaid wages accumulated during her employment.

29. Upon information and belief, Defendant never posted any notice as required by the Fair Labor Standards Act to inform its employees of their federal rights to overtime and minimum wage payments.

30. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

31. Plaintiff has retained the undersigned counsel to represent her in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA (OVERTIME)

32. Plaintiff re-alleges and reaffirms paragraphs 1 through 19 as if full set forth herein.

33. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1), which states that "[n]o employer shall employ any of his employees . . . for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. Throughout Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the FLSA (29 U.S.C. § 207) by employing individuals who worked more than forty hours per workweek without properly compensating them for all overtime hours at a rate not less than one and one-half times their regular rate.

35. Specifically, throughout her employment with Defendant, Plaintiff regularly worked about 60 hours per workweek. However, Defendant compensated Plaintiff at the same hourly rate regardless of the number of hours that Plaintiff worked.

36. Defendant is and was, during all times material hereto, an enterprise engaged in commerce as defined by the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

37. Specifically, Defendant is a hotel management company whose employees regularly coordinate and schedule events and bookings with clients located outside of the State of Florida, and process interstate payment transactions.

38. Plaintiff was not exempt from the overtime provision of the Act pursuant to 29 U.S.C. § 213(a)(1) given that she did not perform work as a bona fide executive, administrative, or

professional employee. Plaintiff performed duties such as scheduling and coordinating events at the Balfour Hotel, as well as processing payments therefore. Plaintiff did not possess independent decision-making authority as to Defendant's business operations.

39. Defendant has knowingly and willfully failed to pay Plaintiff at a rate of at least one and one-half times her regular rate of pay for all hours worked in excess of forty per week throughout Plaintiff's employment with Defendant.

40. By reason of Defendant's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

41. Plaintiff seeks to recover for unpaid wages accumulated within the three years preceding the filing of this complaint.

42. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 14, 2023

Respectfully submitted,

*/s/ Brooks Larou*
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200