UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22197-CIV-ALTONAGA/Damian

AMBER J. SOLIDAY,

      Plaintiff,

v.

DRIFTWOOD HOSPITALITY
MANAGEMENT, LLC,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Approve Settlement and Dismiss with Prejudice [ECF No. 22], filed on August 8, 2023. The parties seek the Court's approval of their proposed Settlement Agreement [ECF No. 22-1], which includes a provision for the award of attorney's fees. The Court has carefully considered the Motion, Agreement, record, and applicable law. For the following reasons, the Motion is denied.

Before a court may approve a settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors:

> (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10-cv-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); other citations omitted).

CASE NO. 23-22197-CIV-ALTONAGA/Damian

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted). Factors the Court considers in determining whether requested attorney's fees are reasonable include:

1)   the time and labor required;
2)   the novelty and difficulty of the questions;
3)   the skill requisite to perform the legal service properly;
4)   preclusion of other employment by the attorney due to the acceptance of the case;
5)   the customary fee;
6)   whether the fee is fixed or contingent;
7)   time limitations imposed by the client or the circumstances;
8)   the amount involved and the results obtained;
9)   the experience, reputation and ability of the attorneys;
10)  the "undesirability" of the case;
11)  the nature and length of the professional relationship with the client; and awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

The parties have agreed to settle the FLSA claims raised in this lawsuit for $7,000. (*See* Agreement 1). The total breaks down to $2,120.00 to Plaintiff, consisting of $1020.00 for unpaid wages plus $1100.00 in liquidated damages and "additional consideration for the remaining covenants . . . other than the release of [Plaintiff's] wage claim[;]" as well as $4,880.00 to Plaintiff's counsel for attorney's fees and costs. (*Id.* ¶ 2(b) (alterations added)). The parties have not submitted any documentation in support of the attorney's fees amount, such as billing entries that include the number of hours worked, a description of the work done for those hours, and the

2

CASE NO. 23-22197-CIV-ALTONAGA/Damian

hourly rate. (*See generally* Mot.).  The parties provide minimal justification for the reasonableness of the attorney's fees sought, other than that the parties "agree that the Settlement Agreement [is] fair and reasonable[,]" which does little to satisfy the Court.  (*Id.* 6 (alterations added)).

Without further information, the Court cannot properly scrutinize the reasonableness of the attorney's fees and costs awarded under the Agreement.  The parties must, at a minimum, include some supporting documentation for the attorney's fees and costs amounts, and should also explain in more detail why the amounts are reasonable.

As the Motion and Agreement fail to adequately explain or describe the amount of Plaintiff's counsel's fees and costs, the Court cannot find the Agreement fair and reasonable and cannot grant the Motion.

Accordingly, it is

**ORDERED** as follows:

1.      The Joint Motion to Approve Settlement and Dismiss with Prejudice **[ECF No. 22]** is **DENIED without prejudice**.

2.      The parties must submit a revised motion and agreement — with a proposed order and affidavits or exhibits regarding attorney's fees and costs — that conform to the FLSA by **August 17, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 10th day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record