UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-22197-CMA

AMBER J. SOLIDAY,

    Plaintiff,

v.

DRIFTWOOD HOSPITALITY MANAGEMENT, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## REVISED JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff, AMBER J. SOLIDAY ("Plaintiff"), and Defendant, DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Foreign limited liability company ("Defendant"), (collectively, the "Parties") hereby file this Revised Joint Motion to Approve Settlement and Dismiss with Prejudice pursuant to the Court's Order [ECF No. 23], and as grounds state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendant for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") arising out of her brief employment (lasting less than 3 weeks). The Parties have reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which has been filed attached hereto as "Exhibit A." The Parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the Settlement Agreement, Plaintiff will receive $1,020.00 as alleged unpaid wages, plus $1,100.00 as liquidated damages and consideration for the remaining covenants in the

*Page 1*

agreement. Therefore, Plaintiff will receive a total of $2,120.00. Plaintiff's counsel will receive the total amount of $4,880.00 representing a compromised amount to resolve the fees and costs incurred as a result of this action. *See* Exhibit A.

Plaintiff alleged that she: (i) worked over forty hours per workweek during her employment with Defendant and was not compensated for that overtime; and (ii) was not compensated whatsoever for her last week of employment with Defendant. ECF No. 1 ¶¶ 14, 15, 17. Specifically, Plaintiff alleged that she was not paid for any hours over forty per workweek despite working approximately sixty hours. *Id*. at ¶ 14. Plaintiff alleged that Defendant intentionally failed to compensate her for the work she performed. *Id.* at ¶¶ 25, 39. Defendant disputes that Plaintiff was entitled to the unpaid straight-time wages claimed by Plaintiff, and maintains that Plaintiff was an exempt employee under the FLSA who was not entitled to receive overtime wages from Defendant.

The Parties engaged in early productive conferrals on their relative positions and have exchanged documentation and continued negotiations. As a result, the Parties have ultimately agreed that prolonged litigation would be uncertain and costly, and have resolved to settle the case for the amounts described above, which are fair and reasonable to Plaintiff given the evidence that would be presented to a fact finder.

The Parties believe that the Settlement Agreement is fair and reasonable to Ms. Soliday in light of the evidence that would be presented to a finder of fact. Because the Settlement Agreement resolves all issues in this lawsuit, dismissal of the lawsuit with prejudice should be granted when the Settlement Agreement is approved. Based on the arguments and information set forth in the supporting memorandum of law, the parties respectfully request that the Court approve the terms of the attached FLSA Settlement Agreement in this matter pursuant to *Lynn's Food Stores Inc. v.*

*U.S.*, 679 F.2d 1350 (11th Cir. 1982), and, as the parties have settled all claims in the case, dismiss this case with prejudice. The Parties ultimately agree that prolonged litigation would be uncertain and costly, and have resolved to settle the case for the amounts described above, which are fair and reasonable to Ms. Soliday given the evidence that would be presented to a fact finder. Pursuant to the Court's Order [ECF No. 23], the Parties submit the Settlement Agreement for the Court's review and approval.

## **MEMORANDUM OF LAW**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as

FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims. The proposed settlement arises out of an action brought by Plaintiff against her former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff in fact worked overtime and, if so, whether she was exempt, (b) whether Plaintiff ever was not paid minimum wage, (c) if how many hours Plaintiff allegedly worked over 40 in each workweek, and for how many workweeks, (d) if Plaintiff reported improper pay, and (e) whether Defendant's actions were non-willful and taken in good faith.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

**(1)** ***There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as both Parties were represented by counsel experienced in FLSA claims.

**(2)** ***The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

**(3)** ***The Parties Resolved this Case at the Appropriate Stage.***

Before resolving this case, the Parties exchanged sufficient information that has enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The Parties exchanged time and pay records, which they independently analyzed. Based on this analysis and after further conferral, the Parties have decided to resolve this matter. Finally, based on the scope of Plaintiff's alleged FLSA claims and the disputed legal and factual issues relating to those claims, taking into account the time, risk, and costs of further litigation, the Parties' settlement of Plaintiff's FLSA claims represents a fair and reasonable resolution in accordance with *Lynn's Food.* If the Parties continued to litigate this matter, they would be forced

to engage in costly litigation to prove their respective claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

**(4)** *The Probability of Success on the Merits Supports Settlement.*

The Parties disagree about the merits of Plaintiff's claims and the applicable defenses, making protracted litigation inevitable if the Settlement Agreement is not approved. Defendant maintains that Plaintiff has been paid all wages owed to Plaintiff by Defendant, and that Plaintiff was a salaried exempt employee not entitled to receive any overtime compensation. Plaintiff maintains that she was an hourly employee entitled to receive an overtime payment, and that Defendant failed to compensate her whatsoever for the work she performed for Defendant's benefit between December 23, 2022, and January 3, 2023,. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that she would be owed an amount greater than what the settlement provides further supports the validity, reasonableness, and fairness of the settlement at issue.

**(5)** *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time that it would take for Plaintiff to actually recover a final judgment against Defendant.

**(6)** *Counsel Agree That the Settlement Is Fair.*

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Considering the facts of this case including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the Parties agree that the

Settlement Agreement represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation.

Plaintiff's counsel has actually compromised the amount of attorneys' fees awarded thereto under the terms of the Settlement Agreement. Plaintiff's counsel has expended over twenty-one (21) hours and has incurred $482.00 in costs to date in the prosecution of the instant action. Pursuant to Plaintiff and her counsel's agreement regarding representation, Plaintiff's counsel is permitted to bill an hourly rate for their time spent litigating the instant case. Plaintiff's billing attorneys are Nathaly Saavedra, Esq. and P. Brooks LaRou, Esq. Ms. Saavedra has over seven years of experience as an attorney and has been previously awarded by this Court an hourly rate of $325.00. Ms. Saavedra is a junior partner of PereGonza The Attorneys, PLLC and is an experienced labor and employment attorney who is known in the South Florida legal community for performing respectably in labor and employment matters. Mr. LaRou, Esq. is a first-year associate attorney of PereGonza The Attorneys, PLLC practicing labor and employment law, and has been previously awarded an hourly rate of $200.00 by this Court.

Plaintiff's counsel, Ms. Saavedra, has expended over five hours and forty-six minutes (5.78 hours) of time prosecuting this matter, not including time expended on the instant Motion. *See* Time and Expense Report of Plaintiff's Counsel attached hereto as "Exhibit B." Mr. LaRou has expended over fifteen hours and forty-two minutes (15.70 hours) of time prosecuting the instant case, not including time expended on the instant Motion. *See* Exhibit B. Stephanie Garcia, paralegal for Plaintiff's counsel, has expended over twelve minutes (0.20 hours) in connection with the prosecution of this action. See Exhibit B. The time expended in prosecuting Plaintiff's claims is not duplicative in nature and does not include time for billing for administrative tasks.

Plaintiff's attorneys' time does include time for attorney conferences and supervision of attorney tasks. Plaintiff could legitimately request $5,043.50 in fees and $482.00 in costs. Plaintiff's counsel, as part of a negotiated settlement, has reduced their recovery to $4,880.00 in fees and costs.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, the Parties respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the Settlement Agreement). The Parties further stipulate to dismissal of this case *with prejudice* upon the Court's approval of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the terms of Settlement Agreement.

Dated: <u>August 15, 2023</u>

<u>*/s/ P. Brooks LaRou*</u>
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
*Counsel for Plaintiff*

<u>*/s/ Mendy Halberstam*</u>
Mendy Halberstam, Esq.
Florida Bar No. 68999
Email: mendy.halberstam@jacksonlewis.com
JACKSON LEWIS, P.C.
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>August 15, 2023</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>*/s/ P. Brooks LaRou*</u>
P. Brooks LaRou, Esq.

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:23-cv-21184-CMA

Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC 5201
Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
*Counsel for Plaintiff*


Mendy Halberstam, Esq.
Florida Bar No. 68999
Email: mendy.halberstam@jacksonlewis.com
JACKSON LEWIS, P.C.
2 South Biscayne Boulevard, Suite 3500 Miami, Florida 33131
Telephone: (305) 577-7600
*Counsel for Defendant*


Method of Service: CM/ECF